ANN MULHOLLAND, Appellant, *v.* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Respondent.

A contract between M., plaintiff's assignor and defendant, for grading and flagging one of its streets, permitted a change of the grade indicated upon the plan and profile of the work without additional compensation. Through the erroneous action of defendant's engineer, not from any intentional change of plan, more work was required of the contractor and additional expense was incurred by him than would have been necessary under the contract. *Held,* that plaintiff was entitled to recover for the additional labor and expense according to its value and amount; that she was not confined to the rate of compensation provided in the contract for similar work.

(Argued March 4, 1889; decided March 29, 1889.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made February 21, 1887, which affirmed a judgment in favor

of defendant, entered upon a verdict and affirmed an order denying a motion for a new trial.

The first cause of action, set forth in plaintiff's complaint herein, was for a balance alleged to be due on a contract between John Mulholland, plaintiff's assignor, and defendant, for grading, setting curb and gutter stones and flagging one of defendant's streets. A second cause of action was for damages alleged to have been caused by defendant's engineers in giving to the contractor wrong grades, in conforming to which and in correcting the error a large amount of additional work and expenditure was required, which would not have been necessary under the contract. The answer set up, among other things, various counter-claims.

The trial court charged that plaintiff had made out no case for the jury as to the second cause of action. The court here held that, as to the first cause of action and the counter-claims, the evidence was sufficient to justify the verdict of the jury.

As to the second cause of action the opinion is as follows:

"We are, however, of opinion that the learned trial judge erred in holding, as matter of law, that the plaintiff had no case for the jury under his second cause of action as alleged in the complaint. We do not think it expedient to discuss the evidence. It tends to show that, by the action of the defendant's engineers, more work was required from the plaintiff than would, under the contract, have been necessary for its completion, and that by their interference he was subjected to additional expense in its performance. That labor was not within the original plan, but caused by a deviation from it, and for its accomplishment was, in fact, useless. It was not occasioned by any intentional change of grade from that indicated upon the plan and profile of the work and, therefore, was not within the terms of the agreement, which permits a change without additional compensation. The change was erroneous, and if in the correction of the error or by reason of it the plaintiff performed extra labor and incurred increased expense, he is entitled to recover according to its value and amount, and is not confined to the rate of compensation provided for similar works by the special contract.

" The questions raised by the issues presented in the second cause of action should have been submitted to the jury, and for the error in the trial court in withholding them, the judgment should be reversed and a new trial granted, with costs to abide the event."

*L. Laflin Kellogg* for appellant.

*D. J. Dean* for respondent.

DANFORTH, J., reads for reversal and new trial.
All concur.
Judgment reversed.