## SMITH *v.* CITY OF UTICA.

*(Supreme Court, General Term, Fourth Department. July 20, 1889.)*

1. MUNICIPAL CORPORATIONS—PARKS.
   Under the charter of the city of Utica, (Laws 1862, c. 18,) giving it the power to appoint a superintendent of parks, and to provide for his salary and the other expenses of keeping up the parks, a resolution of the council appointing a person to preserve and protect the parks, and fixing his salary, is valid though he is not designated as a superintendent.

2. SAME—ORDINANCES—MAYOR'S APPROVAL.
   The signature of the mayor to such a resolution is not necessary, as the act mentioned does not require it in case of an ordinance or resolution appointing an officer of the corporation.

3. SAME—ESTOPPEL.
   If such an appointment should be made by ordinance, and not by resolution, the performance of the labor, and its acceptance by the city authorities, estops the city from denying its validity.

Appeal from Oneida county court.

Action by Bernard H. Smith against the city of Utica, to recover $200 as his salary as park superintendent. The action was brought in the city court of said city, where the plaintiff was nonsuited. This judgment was reversed on appeal to the county court, and defendant appeals.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

*Fred B. Spriggs,* for appellant.    *S. J. Barrows,* for respondent.

MARTIN, J. The defendant is a municipal corporation. The mayor and aldermen constitute its common council. Laws 1862, c. 18, § 32. The common council are authorized "to appoint a superintendent of public parks, and

to enact such ordinances, rules, and regulations as may be necessary for the improvement, care, and preservation of the same." Section 35, subd. 13. It has power to raise by tax "such sum as shall be determined by it to be necessary to defray the expense of improving, keeping, and maintaining in good condition the public parks of the city, including the salary of the superintendent thereof." Section 47, as amended, Laws 1882, c. 358; Laws 1887, c. 426; Laws 1888, c. 87. It has power "to lay out, improve, and ornament public parks and pleasure grounds, and to pass ordinances and regulations concerning their preservation and use." Section 79, subd. 4. In pursuance of the power thus conferred, the common council of the defendant, at a meeting held July 2, 1886, duly passed the following resolution: "Resolved, that B. H. Smith is hereby appointed to preserve order and protect public property in the city parks, from July 3, 1886, until such time as the council shall order his services discontinued, at a salary of fifty dollars per month." August 25, 1886, the plaintiff presented an account for $50 to the common council, and on November 5, 1886, he presented an account for $200. These bills were kept by the council, but not paid. This action was commenced January 27, 1887, to recover for four months' services performed by the plaintiff under and in pursuance of the above resolution and employment. The defense was a general denial. On the trial the plaintiff was permitted to introduce in evidence the resolution of the common council, and to prove that his account was presented and not paid, but all other evidence offered by him was excluded. After excluding substantially all the proof the plaintiff offered, the court nonsuited him. The plaintiff sought to prove that he was present when the foregoing resolution was passed; that July 3, 1886, he commenced work for the defendant in its parks in pursuance of such resolution, and under defendant's employment; that he was thus employed for four months; that during such four months the common council did not order his services discontinued; that he entered such employment at the request of the common council; that the mayor and aldermen saw him performing such services; that they made no objection; that the committee on public grounds saw him at work, and directed him to continue to the end of the four months; that the mayor told him to make out his bill in the form in which it was presented, as park employé, and that it would be paid; and that his services were worth $50 per month. All this evidence was objected to "as incompetent, immaterial, irrelevant, no foundation laid, and no authority shown for him to go to work." The evidence was excluded. Upon what theory it was excluded is not further disclosed by the appeal-book. We can discover no ground upon which the rulings of the court in excluding this evidence can be justified. That the common council of the defendant possessed the power to employ the plaintiff to preserve order and protect public property in the public parks of the city, we have no doubt. Such power is included in the quoted provisions of the defendant's charter. The improvement, care, and preservation of these parks is by the charter intrusted to the common council, and they are given power to raise by tax the money necessary to defray the expense of such improvement, care, and preservation. The power and duty being thus conferred and imposed upon the council, it had implied authority to enter into such contracts as were necessary to the proper exercise of its powers and the proper discharge of its duties. But the appellant claims that the plaintiff failed to show an express contract with the defendant, and hence the plaintiff was properly nonsuited. It is perhaps true that an express contract between the parties was not shown, inasmuch as it did not appear that the plaintiff was present and accepted the employment offered by such resolution, but the plaintiff is not responsible for the absence of such proof. He offered to prove that fact, and the court rejected the evidence. If the plaintiff had been permitted to and made the proof offered it would, we think, have shown that there was an express contract between the parties. He was at least entitled to make

such proof as he could upon that question, and the court manifestly erred in rejecting it.

The appellant also contends that the plaintiff's evidence was properly excluded, and he was properly nonsuited, because he failed to prove that the resolution appointing and employing him was signed by the defendant's mayor, as required by section 17, c. 18, Laws 1862, as amended by chapter 391, Laws 1871, which provided that every ordinance or resolution of the common council (excepting those prescribing rules for their own government, and the appointment of officers) should, before it took effect, be presented to the mayor. If he approved of it and signed it, it took effect immediately. If he did not approve of it, he was to return it in six days, with his objections, when the common council might, within twenty days, reconsider and pass the same by a two-thirds vote. If not returned in six days, it was to take effect in like manner as if signed. These provisions were added by the amendment of 1871. Before the statute was thus amended the section cited contained no provision requiring the signature of the mayor to an ordinance or resolution passed or adopted by the common council. In 1876 the section under consideration was again amended by omitting the provisions added in 1871, (Laws 1876, c. 371, § 4,) thus again leaving the section without any provision requiring the mayor's signature to or approval of an ordinance or resolution. Therefore, when the resolution in question was passed, there was no statute in existence requiring the approval or signature of the mayor to render it valid, and hence it follows that the validity of such resolution was not impaired if it was not so signed or approved. Whether a mayor's signature or approval is essential to the validity of an ordinance or resolution depends upon the provisions of the charter, but, unless such signature or approval is made essential, although provided for, the signature of the mayor has sometimes been regarded as directory merely. 1 Dill. Mun. Corp. § 265. Moreover, section 17, as it stood after the amendment of 1871, and before the amendment of 1876, did not require the approval or signature of the mayor to an ordinance or resolution appointing an officer of the corporation. Section 4 provided for the appointment by the common council of certain officers named, and such other officers as the common council might appoint under the provisions of that act, which included a superintendent of public parks. But the appellant says the plaintiff was not appointed such superintendent. It is true he was not so designated in the resolution, but surely he was given powers that such officer might well possess; and, as the case now stands, we can hardly hold as a matter of law that he was not such superintendent. The defendant further insists that, if the plaintiff was appointed as such superintendent, still his appointment was invalid, as it should have been by ordinance, and not by resolution. If the appointment or employment of the plaintiff was within the corporate powers of the defendant,—and we think it was, —and the plaintiff in good faith performed four months' labor for the defendant, even under a contract invalid from a failure of the defendant's officers to comply with the statute, it seems quite clear that he can recover the value of his labor, when it has been accepted by the city, and was performed for a public purpose. As was said in *Moore* v. *Mayor, etc.,* 73 N. Y. 248: "When there has been a *bona fide* performance of a contract, of which the city has had the benefit, there is a strong equity in favor of the contractor seeking his pay, entitling him to the benefit of a ratification even of a void contract upon slight evidence, if the ratifying body has general power over the subject of the contract, and of an estoppel when an estoppel fairly results from the conduct of the general agents of the city." See, also, *McCloskey* v. *City of Albany,* 7 Hun, 472; *Gas-Light Co.* v. *Mayor, etc.,* 33 N. Y. 309; *Peters* v. *Mayor, etc.,* 8 Hun, 405; *Schier* v. *City of Buffalo,* 35 Hun, 564. Thus we are led to the conclusion that the trial court erred in rejecting the evidence offered by the plaintiff, and granting the defendant's motion for a nonsuit; that for these

reasons the county court properly reversed the judgment of the court below; and that the judgment of the county court should be affirmed. Judgment affirmed, with costs.

HARDIN, P. J., concurs. MERWIN, J., concurs in result.