BERNARD BRADY, Respondent, *v.* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Appellant.

By a contract for regulating and grading one of defendant's streets at a price specified for the different kinds of work, after providing for substantial performance in accordance with the specifications, it was stipulated that defendant's commissioner of public works should determine what would constitute a performance; daily inspection, a right on defendant's part to change the grade, and an examination by a surveyor after excavation, were also provided for, and when the completion of the work was duly certified by three of defendant's officers named, and also by its commisioner of public works, it agreed to pay therefor. In an action to recover for the work done at the contract prices, plaintiff produced in evidence the certificates required by the contract which showed the amount of work done, and certified to the completion of the contract and acceptance of the work. No fraud or invalidity in the contract was alleged by defendant; and that the work as certified was done was

not questioned, but it claimed on the trial non-compliance with this provision of the contract: "The street is to be regulated two feet below the grade where there is rock, and is to be examined by the surveyor before placing any filling thereon. * * * Any portion of the street not thus regulated and properly examined will not be received as finished." This defense was not set up in the answer. Defendant was permitted to give evidence, under objection that it was not admissible under the pleadings, which tended to show that in places rock was left nearer than two feet to the established grade. The court directed a judgment for plaintiff for the amount as certified, with interest. *Held,* no error; that defendant was not entitled to give evidence, or to go to the jury on the question of non-compliance with said provision of the contract as it was not raised by the pleadings, and that as the reception of the evidence was error, this court was precluded from considering it for the purposes of reversal.

The specifications provided that the street was "to be regulated and graded, where required, in accordance with the plans and profile of the said street," and other portions of the contract showed that the specifications were not necessarily to be exactly but substantially performed to the satisfaction of the commissioner of public works. It appeared that the surveyor gave to the contractor the grade to which the work was conformed, and he certified to the completion of the work as stipulated. *Held,* that defendant was precluded by the certificates given as required by the contract; and that conceding the evidence so given by defendant was properly received and could be considered, it did not affect plaintiff's right of recovery.

The contract provided that the city should not be "precluded or estopped by any return or certificate" of any of its officers, made in pursuance of the contract, "from at any time showing the true and correct amount and character of the work." *Held,* that this provision did not have the effect to nullify defendant's agreement to be bound by the certificates of its officers as to performance, and did not affect the contractor's right to recover for the work done at the prices fixed, but that it simply reserved the right to challenge and to call upon the court to correct the certificates for error in these particulars: 1. As to the amount of the work, *i. e.*, the number of yards of filling and excavation, etc. 2. As to the character of the work, *i. e.*, that one kind of work had been estimated for another.

Reported below, 26 J. & S. 184.

(Argued March 8, 1892; decided April 26, 1892.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made May 5, 1890, which affirmed a judgment in favor of plaintiff entered upon a verdict directed by the court.

This was an action brought by plaintiff, as assignee of John Brady, to recover upon a contract made by the assignor with defendant for regulating and grading Ninety-fifth street in the city of New York, from Tenth avenue to Riverside Drive.

The facts, so far as material, are stated in the opinion.

*David J. Dean* for appellant. Complete performance of the work specified in the contract is an imperative condition precedent to the right to payment. (*Glacius* v. *Black*, 50 N. Y. 145; *Smith* v. *Brady*, 17 id. 174, 185; *Vanderzee* v. *Herman*, 13 N. Y. Supp. 164; *Lennon* v. *Smith*, 124 N. Y. 578; *Phelan* v. *Mayor*, 119 id. 90; *McIntosh* v. *Rector*, etc., 120 id. 12; *Avery* v. *Wilson*, 81 id. 344; *Catlin* v. *Tobias*, 26 id. 217; *Mead* v. *Degolyer*, 16 Wend. 632; *Norrington* v. *Wright*, 115 U. S. 204; *Nightingale* v. *Eiseman*, 121 N. Y. 288; *Reilly* v. *Mayor*, etc., 111 id. 474; *Bonesteel* v. *Mayor*, etc., 22 id. 166; *Cunningham* v. *Jones*, 20 id. 486; *Ibbotson* v. *Sherman*, 10 J. & S. 477; *Crane* v. *Knubel*, 2 id. 443; *McDonald* v. *Mayor*, etc., 68 N. Y. 23; *Smith* v. *City of Newburgh*, 77 id. 130; *Hodges* v. *City of Buffalo*, 2 Den. 110; *Peterson* v. *Mayor*, 17 N. Y. 449.) Even if a substantial performance of the contract would entitle the plaintiff to recover, the question of substantial performance, on the evidence, was a question for the jury, and the exception to the denial of the request to submit the case to the jury is well taken. (*Johnston* v. *DePeyster*, 50 N. Y. 666; *Phillips* v. *Gallant*, 62 id. 256; *Thomas* v. *Fleury*, 26 id. 26; *Smith* v. *Brady*, 17 id. 189.)

*L. Laflin Kellogg* for respondent. The court committed no error in directing a verdict in favor of the plaintiff on the first cause of action. There was no question of performance which could be rightly submitted to the jury. (*Sweet* v. *Morrison*, 116 N. Y. 32; *Phelan* v. *Mayor*, etc., 119 id. 86; *Whiteman* v. *Mayor*, etc., 21 Hun, 117; *D. & H. C. Co.* v. *P. C. Co.*, 50 N. Y. 250; *M. & P. R. R. R. Co.* v. *March*, 114 id. 549; *Byron* v. *Low*, 109 id. 291; *Mulholland* v. *Mayor*, etc., 113 id. 632; *State* v. *Stevens*, 71 id.

529; *Kingsley* v. *City of Brooklyn*, 78 id. 200; *Smith* v. *Alker*, 102 id. 87; *Weeks* v. *Little*, 89 id. 566; *Grubie* v. *Schultheis*, 57 id. 669; *Lawson* v. *Hogan*, 93 id. 39; *Peck* v. *United States*, 102 U. S. 64; *Winch* v. *M. B. I. Co.*, 86 N. Y. 619; *Woodward* v. *Fuller*, 80 id. 313; *Nolan* v. *Whitney*, 88 id. 648; *Lathers* v. *Keogh*, 108 id. 586.) Both parties having requested the court to direct a verdict in their favor, neither one can complain that the case was not left to the jury. (*Winchell* v. *Hicks*, 18 N. Y. 565; *Colligan* v. *Scott*, 58 id. 671; *Provost* v. *McEncroe*, 102 id. 650.) No claim has been made in this case that the contract was illegal because based on an unbalanced bid, but, if such a claim had been made, it would have been without force and effect. (*Reilly* v. *Mayor, etc.*, 111 N. Y. 473; *Mayor, etc.*, v. *Brady*, 115 id. 599.) Plaintiff should be awarded damages by way of costs under section 3251 of the Code of Civil Procedure. (*Brady* v. *Mayor, etc.*, 107 N. Y. 673; *Mayor, etc.*, v. *Brady*, 115 id. 599.)

PARKER, J. The judgment under review awards to the plaintiff, as assignee of one John Brady, the sum of $42,792.35, adjudged to be due under a contract between John Brady and the defendant, by which it was provided that Brady should regulate and grade 95th street, from Tenth avenue to River street drive, for which he was to receive $8 per cubic yard for excavating earth ; one-fourth of a cent per cubic yard for excavating rock ; and one-fourth of a cent per lineal foot for furnishing and setting curbstones, and for furnishing and laying flagging per square foot, one-fourth of a cent.

This will be recognized as what is known as an unbalanced bid, but its legality is not sought to be questioned here, and if it were it would not be open for consideration in view of the discussion of the question as presented by the contract now before us by RUGER, Ch. J., in 115 N. Y. 599.

Prior to the commencement of this action the officials, authorized by the contract to represent and act for the city in all matters relating to the performance of the work stipulated for by it, made the following certificates :

" SURVEYOR'S CERTIFICATE.

" I hereby certify that the following amount of work has been done in the matter of regulating and grading Ninety-fifth street, from the west curb of Tenth avenue to the east line of Riverside Drive, and setting curbstones and flagging sidewalks therein.                    JOHN BRADY,
      " *Contractor Since the Commencement of the Work.*

" 14,667 cubic yards of earth excavated (fourteen thousand six hundred and sixty-seven).

" 10,831 cubic yards of rock excavated (ten thousand eight hundred and thirty-one).

" —— cubic yards of filling.

" 2,591 $2\frac{3}{4}$-12 linear feet of curb set (twenty-five hundred and ninety-one $2\frac{3}{4}$-12).

" 10,458$\frac{7}{12}$ square feet flagging laid (ten thousand four hundred and fifty-eight $\frac{7}{12}$).

" Linear feet of dry stone box culverts.

" Linear feet of picket fence.

                    " HERMAN K. VIELE, *Surveyor..*

" Date, *May* 27, 1885.

                    " GEORGE A. JEREMIAH,
              " *Superintendent of Street Improvements.*"

                    " FINAL PAYMENT.

" The City of New York,
        " To John Brady, Contractor, Dr. :

" For work done in the matter of regulating and grading· Ninety-fifth street, from the west curb of Tenth avenue to the east line of Riverside Drive, and setting curbstones and flagging sidewalks therein.

" Certificate of acceptance of the work by the commissioner of public works, dated September 21, 1885, Chap. 397, Laws 1852; chap. 580, Laws of 1872, sec. 4.

" Street improvement fund, authorized or contracted for after June 9, 1880.

" Ordinance approved March 20, 1883 (Sec. 139, N. Y. Consolidation Act of 1882). Estimated cost, $15,676.28.

Opinion of the Court, per PARKER, J.

| Date. "1885. | Amount and Kind of Work. | Price. | Amount. |
|---|---|---|---|
| "Sept. 30. | 14,667 cubic yards of earth excavated (fourteen thousand six hundred and sixty-seven). | $8 00 | $117,336 00 |
| | "10,831 cubic yards of rock excavated (ten thousand eight hundred and thirty-one).. | $\frac{1}{4}$ | 27 07 |
| | "2,591 1⅔-12 cubic yards filling, linear feet of curb set (two thousand five hundred and ninety-one 1⅔-12).... | $\frac{1}{4}$ | 6 47 |
| | "10,458$\frac{7}{12}$ square feet of flagging laid (ten thousand four hundred and fifty-eight $\frac{7}{12}$). ..... | $\frac{1}{4}$ | 26 14 |
| | "Linear running feet dry stone box culverts ... | | |
| | | | $117,395 68 |
| | "Deduct security retained, 1,366 linear feet..... | 25 | 341 50 |
| | "Amount, one hundred and seventeen thousand and fifty-four 18-100 dollars....... | | $117,054 18 |
| | "Excess of inspection, 249 days, $3............ | 747 00 | |
| | "Amount heretofore paid. | 82,176 96 | |
| | | | 82,923 96 |
| | "Balance now due, thirty-four thousand one hundred and thirty 22-100 dollars....... | | $34,130 22 |

" I certify that I have duly examined the above account, and compared it with the contract and the surveyor's certificate, and that it is correct, and the amount justly due.

" GEORGE W. BIRDSALL,

" *Chief Engineer Croton Aqueduct.*

" GEORGE A. JEREMIAH,

" *Superintendent of Street Improvements.*"

" I hereby certify that I have examined the above account, and believe it to be correct; that the prices charged are in accordance with the terms of the contract for regulating and grading Ninety-fifth street, dated July 31, 1883; and such services as are herein specified have been properly performed according to the certificates of the officers of this department duly appointed to supervise the same.

" ROLLIN M. SQUIRE,

" *Commissioner of Public Works.*"

" I certify that the work mentioned in the contract herein specified has been completed according to the terms of said contract and is satisfactory.

" ROLLIN M. SQUIRE,

" *Commissioner of Public Works.*"

The judgment recovered is for the sum thus certified to be due with interest added.

It is not asserted by the answer that the contract was fraudulently procured, or that it was for any reason invalid. On the contrary, the defendant relies on it and asserts that the plaintiff cannot recover because of a failure of performance on the part of his assignor. In order that it shall clearly appear in what respect it is claimed the contractor has failed to perform in such substantial respect as to prevent a recovery in any sum whatever, it is desirable in this connection to call attention to the situation of the contract and the parties to it at the time of the trial.

Nearly four years before that time the officers named by the defendant in its contract made the certificates which, by its terms, were to determine the final completion of the con-

tract, and the right of the contractor to receive his compensation within thirty days thereafter, the commissioner of public works specially certified that the contract had been completed according to its terms, and was satisfactory.

About that time the defendant entered into, and has since continued in, possession of the street. It should be further observed that the defendant does not claim that the certificate made by the engineer, surveyor and superintendent of street improvements, over states the quantity of material of any kind therein certified; nor is it claimed that plaintiff has recovered judgment in this action for excavations made, or work of any kind done which was not in fact performed. In other words, it is not disputed that plaintiff's assignor actually removed all the material and did all the work for which he has recovered judgment; nor is it asserted that the work was not performed as directed by the officers having charge of the execution of the contract for the defendant.

But it is contended that the contractor did not excavate the rock to two feet below the grade. The contract provides that "the street is to be regulated two feet below the grade where there is rock, in sections of not less than one hundred feet in length for the full width of the street at a time, and is to be examined by the surveyor before placing any filling therein, after which earth filling is to be filled to grade. Any portion of the street not thus regulated and properly examined will not be received as finished."

It is not disputed, but the earth was removed from the street; rock excavated; examination made by the surveyor; the earth brought back and filled up to the grade required by him; nor that the work was not declared to be properly done, and received as finished after it was done; neither is it claimed that the officers of the defendant have at any time suggested to the contractor or his assignee that there was some mistake or oversight, at the time of the making of the certificates, to the effect that the contract had been completed, at the same time insisting that, notwithstanding their execution and delivery to him, further work should be done.

So appellant's contention amounts to this, that notwithstanding the defendant made a contract by which it agreed to pay for the doing of certain work, if done in substantial compliance with the terms of the contract, and to the satisfaction of the commissioner of public works, upon a certificate by him to that effect, together with certificates by the surveyor and superintendent of streets; and notwithstanding the making of such certificates and the taking of possession by the defendant of the completed work that it may put in issue, the contractor's assertion of performance, by calling a witness to testify that he has made an examination and found rock nearer to the established grade than two feet in a number of places, the quantity on the entire work being estimated by him at 650 yards. That upon such evidence it may wholly defeat a recovery.

At the threshold of its contention the defendant is confronted with the difficulty that its pleading does not present the issue on which its reliance is sought to be placed.

The answer admits the making of the contract; the making and delivery of the certificates by the four officers named in the contract; payment thereon by the city.

It further admits "that the said work has been accepted by the commissioner of public works, acting on behalf of the defendants, and that more than thirty days have expired since such acceptance; but it alleges on information and belief that such acceptance was on or about the 7th day of May, 1885, instead of the date named in the first paragraph of the complaint," and it further alleges, among other things, "that all of the earth and rock excavation in the complaint in this action, and in the said contract referred to, was completed before the 6th day of February, 1885, and the whole of the rock excavation provided for by said contract and described in the complaint herein, was completed on or before the 7th day of May, 1885."

It cannot avail the defendant on this review that, notwithstanding the admission of the answer which, with the evidence given, fully supports the determination of the court in directing a verdict in favor of the plaintiff, the testimony was

received on which it founds its claim of right to go to the jury. For such testimony was seasonably and properly objected to by the plaintiff on the ground that it was not admissible under the pleadings. Its reception was error, and the plaintiff having duly excepted to the rulings, this court is precluded from considering it for the purpose of a reversal.

If it be assumed that the pleadings permitted the introduction of evidence presented by the defendant, we should still reach the conclusion that it was not error for the trial court to direct a verdict.

The appellant's position assumes that a literal compliance with the specifications forming a part of the contract was essential to complete performance under the contract. We do not so read it, and shall briefly call attention to some of its provisions which we deem controlling in that direction. In the first place the proposal intended to inform bidders not only of the character, but the general amount of work to be performed ; time of performance and other essential features of the contract to be subsequently entered into states that " bidders will be required to complete the entire work to the satisfaction of the commissioner of public works and in substantial accordance with the specifications here annexed and the plan therein referred to."

Immediately following the stipulation in the contract on the part of the contractor, that he admits and agrees that the work to be done as stated in the proposals is approximated only, and that he will not assert any misunderstanding in regard to the depth of excavations or nature of materials, it is declared " and he covenants and agrees that he will complete the entire work to the satisfaction of the commissioner of public works, and in substantial accordance with said specifications and the plan therein mentioned."

The first clause in the specifications reads, " the street for its whole width is to be regulated and graded *where required* in accordance with the plans and profile of the said street." By its terms the commissioner of public works was empowered to designate the time when the work should commence ; was

given power to suspend the work; to order it commenced again; to declare it abandoned; to consent to its being sub-let or assigned by the contractor; and invested with the right to declare the same null and to re-advertise and re-award it. While it is agreed that the commissioner shall have among other powers those already enumerated, the contractor further directly agrees to do work not described in the specifications if required to do so by the commissioner of public works.

One of the subdivisions of the contract having in contemplation the possible desirability of doing other work than provided for in the contract provides that other persons may be employed to do such work and the contractor "will suspend such part of the work herein specified, or will carry on the same in such a manner as may be ordered by the said commissioner."

It is also agreed that if within six months after the acceptance of the work, if in the opinion of the commissioner, repairs are required and notice to make them given, the contractor "will immediately commence and complete the same to the satisfaction of said commissioner."

It was covenanted that the city should retain the sum of twenty-five cents per linear foot of the work to be done as security for repairs, and that it might be expended "in the manner hereinafter provided for in making such repairs to the work done under this agreement, as the said commissioner of public works may deem necessary."

Under the heading "work and material must agree with specifications," is the following: Party of the second part "agrees that the work shall be performed in the best manner, and the stone, sand and other material of which the work is composed shall be of the best kind, and that a sufficient number of persons shall be at all times employed to execute the work with due dispatch, the whole to be done to the satisfaction of the commissioner of public works; and any materials furnished or work done not satisfactory to the commissioner of public works shall be removed and satisfactorily replaced by the said party of the second part."

These provisions are not in conflict with other portions of the contract, but on the contrary are supported by and consistent with them, and establishes that the specifications were not necessarily to be exactly, but substantially performed, in accordance with the specifications and to the satisfaction of the commissioner of public works.

Thus it was stipulated not only that the work should be done to the satisfaction of one of defendant's officers, but that as the representative of the defendant and acting for it, he should determine whether the contract was substantially complied with.

Now the uncontradicted evidence is that the surveyor or his assistant gave to the contractor the grades to which the excavations were conformed. The defendant distinctly provided in its contract that its surveyor should be one of the officers to represent its interests in the execution of the contract and that his certificate that the work had been completed should be essential to the right of the contractor to demand compensation for his work. Not only does it appear that the grades were furnished by the surveyor or his assistant, but it also appears that he subsequently certified to the completion of the work as provided by the contract. That the contractor was at liberty to follow the directions of the officers whom the defendant had stipulated to represent it and speak for it in the execution of the contract is manifest not only from the provisions of the contract already referred to, but also from two others to which allusion may be briefly made.

Under the heading "change of grade," it is conditioned that "the said party of the second part hereby further agrees that in case the grade of the street shall be changed during the progress of the work, he will conform to the altered grade at the prices specified herein as far as they are applicable."

Under the heading "excavating," it is said "the street is to be regulated two feet below the grade where there is rock  *  *  * and is to be examined by the surveyor before placing any filling thereon, after which earth filling is to be filled to grade. Any portion of the street not thus regulated and properly examined will not be received as finished."

It may be observed that the undisputed evidence is that the grades were given by the surveyor or his assistant; examination made after the excavation was completed and before any filling was done; the filling subsequently made to grade, and the work accepted. It is quite clear that it was the intention of the parties under this contract that the contractor should in its execution be governed by the direction of such of defendant's officers as it declared in the contract should represent it. So if the grade should be mistakenly given to the contractor by the surveyor and the work should be done in conformity therewith, and certificates of completion afterwards given, the defendant could not thereafter object that the plaintiff should not be compensated because, as the result of a misdirection by its officers, the specifications had not been literally complied with.

A similar contract was considered by this court in *Mulholland* v. *Mayor, etc.* (113 N. Y. 631).

The engineer made a mistake in furnishing the contractor with the grade, with the result that after the work had been done, the city's officers having in the meantime discovered the error, the contractor was required to excavate deeper, and as it appears, at greater expense to him than would have been incurred had the true grade been given him in the first instance.

It was held that he was entitled to recover the value and amount of the extra labor and increased expense. Necessarily the foundation of that decision rests on the proposition that, under the contract, the contractor is authorized to follow the directions of the officers named in its contract to represent it. Otherwise the court must have held that defendant could not recover for extra work because the depth of the excavation was specified in the agreement and, therefore, could have been followed. Such a construction of the contract seems to be required by its terms and is just to both parties.

Again, the city not only provided for a substantial performance in accordance with the specifications; stipulated that the commissioner of public works should determine what should

constitute a performance; provided for daily inspection; for right to change the grade; for an examination by a surveyor after excavation and prior to placing the filling thereon; but also for a certification by three of its officers, or employes, to wit, the surveyor, inspector and superintendent of street improvements in charge of the work, and commissioner of public works, that the work had been completed.

The city required the contractor to agree, and he did, that after completing the work he should not demand or receive payment until such completion " be duly certified by the surveyor, inspector and superintendent of street improvement in charge of the work, and until each of the other stipulations hereinbefore mentioned are complied with and the work completed to the satisfaction of the commissioner of public works and accepted by him."

After the making of such certificates and the acceptance of the work by the commissioner of public works, the defendant agreed to pay on or before the expiration of thirty days from the time of the completion of the work. The certificates thus provided for have been made. The commissioner of public works has accepted the work. That such certificates were made in good faith is not questioned, nor. is it claimed that there was any mistake of fact therein. The defendant, therefore, cannot now challenge the decision of those whom it contracted should determine the question of performance or non-performance, and upon whose determination it promised to make payment.

The provision of the contract upon which defendant largely founded its argument in support of a reversal, if requiring the construction contended for, might present an interesting question, because such provision would then be brought in conflict with other portions of the contract.

It is claimed that it operates to so relieve the city from the effect of its stipulation touching the question of performance as to permit it to challenge the allegation that the work has been completed, notwithstanding the making of the certificate and the acceptance of the work by the commissioner of public

works. But it does not require and should not receive the construction asked for. It provides that the defendant nor any of its officers nor departments shall " be precluded or estopped by any return or certificate made or given by any engineer, surveyor, inspector or other officer, agent or appointee of said department of public works, or said parties of the first part under or in pursuance of any thing in this agreement contained, from at any time showing the true and correct amount and character of the work which shall have been done and materials which shall be furnished by the said party of the second part or any other person or persons under this agreement."

If it had been intended to provide that the city's agreement to be bound by the certificates of its officers and acceptance by the commissioner of public works, should be nullified by the subsequent objection of any officer or department, it could and doubtless would have been plainly and tersely expressed. So that the contractor should understand that while the contract prevented him from demanding compensation until after the city's officers should make certain certificates, the city's agreement was only to pay within thirty days after making of the certificates in case the defendant or some department or officer of the city should not object, in which event some tribunal not provided for in the contract should be called on to determine whether there had been performance, to decide whether the work had been done to the satisfaction of the commissioner of public works. That in such case the promise in the contract that the commissioner should himself decide whether he was in fact satisfied, should go for naught and some one else should decide it for him.

But these suggestions need not be extended. The clause which we have quoted is entirely separated from the concluding portion of the contract which undertakes to provide how performance shall be ascertained and bindingly declared, and was not intended to trespass on its provisions.

It does not provide that such certificates shall not estop the defendant from showing failure of performance, but it shall

not estop it from showing the true and correct amount and character of the work done and materials furnished. Not that the city can prevent a contractor from receiving what has been earned under a contract when the certificates shall have been given, but that it may prevent a recovery for a greater amount than the work was worth.

Therefore it reserved the right to challenge. 1. The amount of the work. This would include the number of yards of earth and rock and number of feet of curbing, etc.

2. The character of the work. This would enable the defendant to show in a proper case that rock had been estimated as earth, or *vice versa.* By this provision, therefore, it is left open to the defendant to call upon the court to so correct the estimates as to quantities and kinds of materials as to prevent a recovery for any greater sum under the contract than was therein stipulated for.

But that feature of the contract is of no importance here for as we have said in another portion of the opinion it is not disputed, but the work for which plaintiff claimed to recover was of the character and amount claimed.

The judgment should be affirmed.

All concur, LANDON, J., in result.

Judgment affirmed.