JOHN WESTON, as Surviving Partner, Respondent, *v.* THE CITY OF SYRACUSE, Appellant.

*Municipal corporation — estoppel as to ultra vires act — action for the contract price of labor and materials — questions of modification, of waiver, and of non-performance are for the jury — rescinding a contract on the ground of fraud — if not done at once, the contract is binding.*

Although a municipal corporation may set up as a defense to an action upon a contract, alleged to have been made by it, its own want of power to contract, yet, as against those innocently dealing with it, and in good faith parting with property and expending money for its benefit, it may be estopped from availing itself of irregularities in the exercise of power conferred upon it.

In an action brought against a municipal corporation to recover the contract price for materials furnished and labor performed in the construction of a sewer in the streets of the municipal corporation, the questions whether the common council of such corporation, with a full knowledge of all the facts in relation to the condition of a portion of the sewer, had modified the contract between the parties in regard to it, and waived any objection which existed as to the manner of its performance, in so far as it did not conform to the original contract, and whether, except as it had been modified or waived, the provisions of the original contract had been substantially performed by the plaintiff, are, upon contradictory evidence, questions of fact, and as such are properly submitted to the jury for its determination.

In an action brought against a municipal corporation upon a contract providing for the construction of a sewer, by the terms of which the plaintiff agreed that no payment should be made thereon until the cost of the materials furnished and services performed thereunder was assessed upon and collected from the taxpayers liable to local taxation therefor, it appeared that the contractor had performed his work according to his contract, and had no duty remaining to discharge.

*Held,* that he had then a right to rely upon the implied obligation of the city to use with due diligence its own agencies in procuring the means to satisfy his claim, and that for an omission on the part of the city to diligently set in operation its several agencies in order to place in its hands the funds necessary to enable it to pay its obligations under such contract, the city became liable to pay such damages as the contractor might suffer by reason of its neglect of duty.

In order to rescind a contract on the ground of fraud there must not only be a disaffirmance of it at the earliest practical moment after discovery of the fraud, but a return of all benefits that have been received under it.

The receiving of any benefit under a contract after knowledge of the fraud, or the changing of the condition of the property, which is the subject-matter of the contract, is a ratification of the contract.

Assuming a contractor to have secured a contract from a municipal corporation by inducing the officials concerned in its award to act corruptly, it is, notwithstanding that fact, operative as against the contractor, unless the corporation sees fit to disaffirm it, and it is not necessary that the corporation should ratify the contract, inasmuch as if the contractor enters upon its performance, the city cannot escape liability for the work done, or for a breach thereof subsequently committed by it, in the absence of proof that the contract was disaffirmed by it upon the discovery of the alleged fraud.

APPEAL by the defendant, The City of Syracuse, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Onondaga on the 4th day of May, 1894, upon the verdict of a jury rendered after a trial at the Onondaga Circuit, and also from an order entered in said clerk's office on the 4th day of June, 1894, denying the defendant's motion for a new trial made upon the minutes.

*Charles E. Ide,* for the appellant.

*George H. Sears,* for the respondent.

MARTIN, J. :

This action was brought to recover an amount claimed to be due upon a contract between the plaintiff and his deceased partner on the one part, and the defendant on the other, for furnishing the materials and performing the labor required for the construction and completion of a forty-eight inch brick sewer in Oakwood avenue from Oakwood Cemetery to Kennedy street, in Kennedy street from Oakwood avenue to Cortland avenue, in Cortland avenue from Kennedy street to South avenue, and in South avenue from

Cortland avenue to the Onondaga creek. The contract between the parties was in writing. The plaintiff alleged that it had been fully and completely performed according to its terms, except where changes were made by the defendant's engineer and surveyor under the powers conferred upon him by such contract.

After the plaintiff's firm had commenced and constructed a portion of the sewer described, an investigation was had by the officers of the defendant, whereby it was discovered that some portions of the work were not in strict compliance with the provisions of the contract, but it also appeared that where there were changes or deviations they were made by the direction and under the immediate supervision of the engineer and inspector of the defendant. After such investigation the defendant's common council duly passed a resolution, which was approved and signed by the mayor, requiring the contractors to complete the portion already built in accordance with the terms of the contract, except, however, that they were not required to change the grade of the work as it then existed. The invert portion was to remain as then laid. The contract was thereby declared to be amended and modified to that extent, and the remaining portion of the sewer was to be constructed in accordance with the terms of such contract without modification.

The contractors thereupon resumed the work, which had been suspended during the investigation, completed the remainder in substantial accordance with the terms and provisions of the contract, and also performed some extra work for the defendant. On July 25, 1892, and after the final completion of such sewer, the defendant's commissioner of public works made the plaintiff's final estimate or account, by which it appeared that there was $7,933.41 due upon such contract and for extra work done by the contractors, and attached thereto the following certificate: "I hereby certify that for a distance of 1,453 feet from Onondaga creek the work was done in accordance with a resolution adopted by the common council 29 July, 1890; the next 1,000 feet was done in accordance with the contract and specifications, except in the matter of grade; at the beginning of the 1,000 feet the sewer is about two feet above the grade established by the original map, and at the end of the 1,000 feet it is at said grade. The remaining portion of the sewer was completed in accordance with the contract and specifications."

The proof disclosed that the 1,000 feet mentioned in the foregoing certificate was constructed under and by the direction of the defendant's city engineer and inspector. It also appeared that the grade of the 1,000 feet, so far as it was not made to conform to the original contract, necessarily had to be changed or there could be no connection with or outlet through the portion already constructed and adopted by the resolution of the common council. The evidence of the plaintiff was to the effect that the contract between the parties, as modified by the resolution of the common council, passed July 29, 1890, was substantially complied with, while that of the defendant tended to show that there were some other defects in the construction of the portion of the sewer as to which the investigation was had, aside from those mentioned in the resolution modifying such contract. Upon that question there was a conflict in the evidence. The jury found for the plaintiff, and there was, we think, sufficient evidence to sustain its verdict.

Without incumbering this opinion with any further history of the details of the proceedings had, or course of action pursued by the parties to this contract, it may be observed that under the evidence and findings of the jury it is quite obvious that the contractors endeavored to honestly comply with the terms of the original contract, the instructions of the city officers or employees having the work in charge, the usages that had been established in the performance of such work, and with the contract as modified. Therefore, if there were any defects in the work, they arose from the fault of the city, its officers or employees, and, consequently, the equities seem to be clearly with the plaintiff, and the judgment should not be disturbed unless some error was committed upon the trial requiring its reversal. This leads to an examination of the questions presented by the appellant as grounds upon which the judgment should be reversed.

The appellant contends that the common council had no authority to modify the contract between the parties, and that, therefore, the court erred in not granting its motion for a nonsuit. We think this contention cannot be sustained. (*Meech* v. *The City of Buffalo,* 29 N. Y. 198; *Moore* v. *City of Albany,* 98 id. 396; *Mulholland* v. *Mayor, etc., of New York,* 113 id. 631; *Brady* v. *Mayor, etc., of New York,* 132 id. 415; *Voght* v. *City of Buffalo,* 133 id. 463.)

Nor do we think the case of *Bonesteel* v. *The Mayor*, etc., *of New York* (22 N. Y. 162) aids the defendant. That case is clearly distinguishable from the case at bar, as is pointed out in *Moore* v. *Mayor* (73 N. Y. 248). In the latter case it was in substance held that, although a municipal corporation may set up, as a defense to an action upon a contract alleged to have been made by it, its own want of power to contract, yet, as against those innocently dealing with it, and in good faith parting with property, and expending money for its benefit, it may be estopped from availing itself of irregularities in the exercise of power conferred. (*Smith* v. *City of Utica,* 6 N. Y. Supp. 792.)

Thus, we are led to the conclusion that the court committed no error in refusing to nonsuit the plaintiff upon the ground already considered, and that it properly submitted to the jury the question whether the common council, with a full knowledge of all the facts in relation to the condition of the portion of the sewer complained of, had modified the contract between the parties and waived any objections that existed as to the manner of its performance, in so far as it did not conform to the original contract, and whether, except as it had been modified or waived, the provisions of such original contract had been substantially performed by the plaintiff.

The appellant also contends that the action was improperly brought; that by the contract the plaintiff agreed that no payment should be made until the cost was assessed upon and collected from the taxpayers liable to local taxation for the construction of the sewer, and that an action for the contract price cannot be maintained. In *Reilly* v. *City of Albany* (112 N. Y. 30, 42), where a similar question arose, RUGER, Ch. J., in delivering the opinion of the court, said: "When the contractor had performed his work according to his contract he had no duty remaining to discharge, and then had a right to rely upon the implied obligation of the city to use with due diligence its own agencies in procuring the means to satisfy his claims. It could not have been supposed that he was not only to earn his compensation, but also to set in motion and keep in operation the several agencies of the city government, over whom he had no control, to place in the hands of the city the funds necessary to enable it to pay its obligations. That was a power lodged in the hands of the city, and the clear intent of the contract was that it should exer-

cise it diligently for the purpose of raising the funds necessary to pay for the improvement. For an omission to do so it would become liable to pay such damages as the contractor might suffer by reason of its neglect of duty." (*Cumming* v. *Mayor, etc., of Brooklyn*, 11 Paige, 596; *Sage* v. *City of Brooklyn*, 89 N. Y. 189; *McCormack* v. *City of Brooklyn*, 108 id. 49; *Donnelly* v. *City of Brooklyn*, 121 id. 9.) We think the doctrine of these cases justified the trial court in holding that this action could be maintained.

Again, it is contended that the court erred in declining to charge: "If the jury find that the completion of the contract as originally made has not been certified by the City Engineer, or Commissioner of Public Works, the plaintiff cannot recover." It will be perceived that this request related to the original contract, and did not include the contract as modified by the common council. We think the court was justified in refusing to charge as requested.

The only remaining question raised by the appellant relates to the rejection of evidence. On the cross-examination of the plaintiff, the defendant offered to show that he procured the vote of one member of the common council for the resolution modifying the contract by corrupt means. To evidence which it was claimed would tend to show that fact, the plaintiff objected on the ground that it was incompetent, immaterial and irrelevant, and that the resolution was duly adopted and approved by the mayor in accordance with the law. This objection was sustained, and the defendant excepted. It may be observed in passing that this offer was made and proposed evidence excluded during the cross-examination of the plaintiff, who was a witness in his own behalf. The court might well have excluded the evidence upon the ground that the defense of fraud should be proved, if at all, after the plaintiff rested. Moreover, it was conceded upon the trial that an investigation as to the question of bribery or fraud was had in December, 1890, so that if there was any fraud on the part of the plaintiff in obtaining a modification of this contract, it then became known to the defendant. Notwithstanding such knowledge upon the part of the defendant, and long after its discovery of such fraud, the time for the completion of the work was extended by it until December 25, 1891, the defendant thereby recognizing the modified contract as being in full force and effect. It is a well-established principle

of law that in order to rescind a contract on the ground of fraud, there must not only be a disaffirmance of it at the earliest practical moment after discovery, but a return of all that has been received under it. The receiving of any benefit under a contract after knowledge of the fraud or the changing of the condition of the property, which is the subject-matter of the contract, is a ratification of it. (*Cobb* v. *Hatfield*, 46 N. Y. 533; *Gould* v. *Cayuga County Nat. Bank*, 86 id. 75; *Baird* v. *Mayor, etc., of New York*, 96 id. 576.) In *Devlin* v. *Mayor* (4 Misc. Rep. 106), where a similar question arose, it was held that, assuming the contractor to have secured the contract by inducing the officials concerned in its award to act corruptly, it was, notwithstanding that fact, operative as against him, unless the defendant saw fit to disaffirm it; that it was not necessary that it should ratify the contract, and having entered upon its performance, it could not escape liability for the work done or the breach subsequently committed in the absence of proof that the contract was disaffirmed by it upon the discovery of the alleged fraud. We think the principle of these authorities is sufficient to uphold the rulings of the trial judge upon this question.

Having thus considered all the questions raised by the learned counsel for the appellant in his brief, and having found no errors therein sufficient to justify us in disturbing the judgment, it follows that it should be affirmed.

HARDIN, P. J., and MERWIN, J., concurred.

Judgment and order affirmed, with costs.