THE CITY OF JAMESTOWN, Respondent, *v.* WILLIAM O. ARTER, Appellant.

(County Court, Chautauqua County, August, 1907.)

Municipal corporations — Contracts — Power to waive forfeiture or defects in performance.

Contracts — Performance of contracts — Reference of question as to performance to third person.

Deceit — Opportunity and necessity for investigation by person deceived:   Evidence — Weight and sufficiency. '

> Where, in an action by the city to recover the amount paid the contractor for the construction of a cement sidewalk, upon allegations that he had obtained payment upon the false and fraudulent representation that he had constructed the sidewalk according to contract, it appears that the contract provided that the work was to be done under the direction of the sidewalk committee and street commissioner and the contract price paid when the material and work had been approved by them, and the contractor is paid upon the certificate of the street commissioner after such approval, the city, in the absence of fraud, is bound thereby.
>
> In such a case, where the plaintiff gives no evidence that the material used by the defendant was not suitable for the performance of the contract and the evidence for defendant tends to show that such material was proper, though not the material specified in the contract, the plaintiff has not shown fraud on the part of the contractor.
>
> The city, having with full knowledge and under a resolution of its common council certifying that an abutting owner had been benefited in excess of the cost of the sidewalk assessed that amount with ten per cent. added upon the abutting owner, and thus received the benefit of the contract, is precluded from maintaining the action.

APPEAL from a judgment of a justice of the peace.

A. Frank Jenks, for appellant.

E. Green, for respondent.

OTTAWAY, J.   This is an appeal from a judgment rendered in a justice's court in favor of the plaintiff and against the defendant.

Upon the 21st day of July, 1906, plaintiff and defendant entered into a written contract for the construction of a cement sidewalk in front of the property of Francis Pierce in the city of Jamestown, N. Y. The walk was to be constructed of cement, upon an established grade and line not less than five feet wide, on a foundation to be made by excavating to a depth of not less than one foot below the grade of the walk, the excavation to be filled to the grade with good gravel or cinders, thoroughly rammed to a uniform and even grade, on which the walk was to be laid. The walk was to be constructed in accordance with a plan on file in the office of the city engineer. The contract further provided that the work should be done under the direction of the sidewalk committee and the street commissioner, and the contract price should be paid when the work and material had been approved in writing by the sidewalk committee and street commissioner. The contract contained other provisions not necessary to be considered in the disposition of this case.

Thereafter, and prior to August 4, 1906, the defendant constructed a cement walk in the place indicated by the contract. The street commissioner of the city of Jamestown measured the walk. August 4, 1906, the defendant prepared a statement of the amount claimed to be due him by virtue of this contract with the city and verified this statement as required by the common council of the city of Jamestown. The street commissioner attached his O. K. to the bill of the defendant, whereupon the common council, by resolution, directed the warrant to issue for the payment of the amount of the bill. This warrant was cashed by the defendant. Upon the 15th day of November, 1906, plaintiff commenced an action to recover the amount thus paid to the defendant, alleging fraud upon the part of the defendant in that the defendant had obtained said money upon the false and fraudulent representations that he had constructed said walk in accordance with the contract between the plaintiff and defendant.

The plaintiff further alleged that the defendant had not used good gravel or cinders in filling the excavation as pro-

vided by his contract; that in place of gravel or cinders he had used earth containing but a small proportion of gravel. The summons issued herein was returnable upon the twenty-third day of November. Upon the twentieth day of November the common council of the city of Jamestown, after a preamble reciting the history of preceding events in relation to certain assessments, including the one in question, by resolution enacted: " That the respective amounts hereinafter mentioned are hereby determined to be just and reasonable amounts to be assessed upon the respective lands referred to herein and to be the benefits conferred upon respective lands by said improvements; and be it further resolved, That said Common Council does hereby assess the following sums against the premises herein designated respectively, that is to say: The lands owned or occupied by M. Francis Pierce, West Sixth Street, cement walk, $42.15."

The amount so assessed against the property of M. Francis Pierce was ten per cent. in excess of the amount received by the defendant.

The only criticism urged by the plaintiff is as to the character of the filling which it claims is neither cinders nor good gravel. The term " good gravel " as used in the contract is not specific; both words are subject to great latitude in their application. It is apparent from the use of these words and the other provisions of the contract that the plaintiff relied upon the approval of its street commissioner and its committee upon sidewalks to determine the material to be used for this purpose. The contract provided that the work should be done under the direction of the sidewalk committee and street commissioner and the contract price should be paid when the material and work had been approved by these parties. It is evident that the plaintiff paid the defendant upon the certificate of its street commissioner. In the absence of fraud the plaintiff cannot challenge the decision of those whom it contracted to determine the question of performance and nonperformance and upon whose determination it promised to make payment. Brady v. Mayor, 132 N. Y. 428; People ex rel. Ready v. Mayor,

144 id. 63; Dillon v. City of Syracuse, 29 N. Y. St. Repr. 912.

The evidence in this case utterly fails to make out a case of fraud upon the part of the defendant as against the city. Fraud cannot be presumed; it must be proven. Considerable evidence was given as to the character of the filling. The plaintiff offered evidence tending to prove that in the opinion of the witnesses good gravel or cinders were not used. There was no evidence upon the part of the plaintiff that the material used was not suitable for the purpose. It is elementary that there must be evidence of damage in an action for fraud. The defendant, upon his part, introduced evidence tending to show that the material used was proper. Under the terms of the contract the street commissioner and committee upon sidewalks had authority to accept the material used by the defendant in filling. There is no allegation or claim that there was any collusion between the street commissioner and the defendant, neither is it claimed that the defendant did anything to prevent investigation. Under these circumstances the city is bound by the acceptance of its street commissioner. No remedy survives acceptance in the absence of fraud or latent defects.

The street commissioner in the exercise of his legitimate authority and representing the city of Jamestown had full power to take action in the premises in conjunction with the common council of the city of Jamestown, and in the absence of fraud the city is bound by their action. People ex. rel. Ready v. Mayor, 47 N. Y. St. Repr. 581.

The city in all its contracts and dealings with individuals must be adjudged to abide by the rules which govern in determining the rights of private citizens contracting and dealing with each other. There is not one law for the sovereign and another for the subject. Whenever the sovereign engages in business and in the conduct of business enterprises and contracts with individuals, the rights and obligations of the contracting parties must be adjusted upon the same principles as if both contracting parties were private persons; both stand upon an equality before the law. The city is not in tutelage as one incapable of acting *sui juris,* but has

capacity to act in all matters by its representatives and agents and is bound by the acts and admissions of its duly appointed and recognized officers and representatives, acting within the general scope of their powers, whether ministerial or executive. In the absence of fraud or collusion the acts of public officers within the limits of the authority conferred upon them and in the performance of the duties assigned them, whether diligently or carelessly performed, are the acts of the municipality and cannot be repudiated. This is of necessity for the municipality can only act by its duly constituted authorities. People v. Stephens, 71 N. Y. 527.

The subsequent acts of the plaintiff preclude recovery in this case. If any fraud had been committed by the defendant, it was the duty of the city to rescind the contract. While it is impossible in this class of cases to restore the property to the third party, the city cannot accept the benefits arising from construction of this character. The act of the city, after full knowledge, in assessing the cost of this walk with ten per cent. added upon the property owner prohibits recovery in this case. Its common council, by a resolution, has certified that the abutting property was benefited in an amount in excess of the amount paid by the city and has directed that this amount be a lien upon the property abutting. By this act the city has adjudged that it has suffered no damage by reason of the material used by the defendant and has accepted the work of the defendant. This action cannot be maintained. People ex rel. Treat v. Coler, 56 App. Div. 460; People ex rel. Grannis v. Roberts, 45 id. 145; People v. Stephens, 71 N. Y. 527.

The judgment rendered herein is reversed, with costs to appellant.

Judgment reversed, with costs to appellant.