PENNELL et al. v. MAYOR, ETC., OF CITY OF NEW YORK.

(Superior Court of New York City, General Term. May 4, 1891.)

PERFORMANCE OF CONTRACT—INTERFERENCE—DAMAGES.

     Plaintiffs contracted to cut and remove a quantity of wood from grounds to be used by defendants as a reservoir, plaintiffs accepting the wood in part payment for their undertaking. The whole of the work was to be completed on or before November 1, 1889. Plaintiffs sued to recover the value of cord-wood lost, and increased cost in clearing the land by reason of defendants prematurely flooding the

same. *Held,* that the defendants had no right to interfere with plaintiffs' perform-ance of their contract-by flooding the ground before the end of the prescribed time, and was liable to the plaintiffs for the damages caused them thereby.

Appeal from special term.

Action by Joseph B. Pennell and Thomas O'Hern against the mayor, alder-men, and commonalty of the city of New York. Defendants appeal from a judgment in favor of the plaintiffs, entered upon the verdict of a jury, and from an order denying their motion for a new trial.

Argued before SEDGWICK, C. J., and FREEDMAN and McADAM, JJ.

*William H. Clark,* (*Henry B. Twombly,* of counsel,) for appellants. *Kellogg, Rose & Smith,* for respondents.

FREEDMAN, J. This action arose out of a contract made for clearing wood and brush from the land which was to be flooded by the building of certain dams under the plan for supplying New York city with water, authorized by chapter 490 of the Laws of 1883, and the amendments thereto. The plain-tiffs had contracted to do the work for a consideration which consisted of a certain sum of money, and of the wood that they might cut, and which it was their right to remove for their own benefit. The action was brought by the plaintiffs to recover upon two causes of action: (1) To recover the value of about 770 cords of wood cut by them under the contract, but wholly lost to them through the act and fault of the defendants in flooding the ground cleared by the plaintiffs with water during the time the plaintiffs were en-gaged in the performance of their contract; and (2) to recover the increased cost in clearing off the brush under the same contract, occasioned by reason of the premature flooding. The main question presented by the appeal re-lates to the construction of the contract. It required two things to be done, viz.: (1) The land was to be cleared; and (2) all timber, brush, grass, and other vegetable growth thereon was to be removed beyond the limits of the land. The work was to be done in the order of precedence approved by de-fendants' engineer, and all the timber and other growth was to be removed or burned, and all the work covered by the specifications was to be done and completed on or before November 1, 1889. As matter of fact, the work was completed by the plaintiffs by the time fixed for its completion, and was ac-cepted by the defendants, and no controversy exists here in that respect. The litigation in this action is confined to the two causes of action specified. In respect to them, the counsel for the defendants has argued that all parts of the contract should be construed in such a way as to give force and validity to all of them, and to all of the language used, where that is possible, and this is the rule beyond question. But it is equally true that a clause giving an additional and independent right to one party, and imposing a correspond-ing burden upon the other, cannot be interpolated by the court. So surround-ing circumstances may be considered to explain or define something in the contract which required explanation or definition, but they cannot be in-voked to add something entirely new. Justice and common sense are to rule in the construction and the interpretation of what is written, but neither can be used for purposes of addition. In no case has the court the right or power to make a new contract for the parties. Judged by these rules, the plaintiffs had until November 1, 1889, to do and complete their work; and, there being no clause or provision in the contract giving to the defendants the right to flood the ground before that time, they had no right before said time to interfere with the plaintiffs by doing so, and, having so interfered months before the said time, they were guilty of a wrongful act, for which, if damage ensued, the plaintiffs have a cause of action. It has been strenu-ously insisted that, under the clause that all work should be done in the order of precedence approved by the engineer, the defendants' engineer had the right to order all the wood not only to be cut, but also to be removed, at any

time prior to November 1, 1889, and that all that was necessary for that purpose was that a reasonable notice should be given to the plaintiffs. Such a construction of the contract would be a harsh and forced one, but it is not necessary to determine the point, for the reason that no such order or notice was given. The letters of April 20 and May 7, 1889, relied upon by the defendants in support of this contention, relate only to the clearing of the land, and, in view of the clear distinction made by the contract itself between that term and the term of removal, the letters cannot be stretched so as to include by implication an order of removal. The issues were submitted to the jury in accordance with the foregoing views. The record discloses no error which calls for reversal, nor can it be maintained that the verdict is contrary to the evidence or excessive. The judgment and order should be affirmed, with costs.

All concur.