WILLIAM R. NEWELL AND ANOTHER, APPELLANTS, *v.* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, RESPONDENT.

*A release under seal cannot be good as to one cause of action covered by it, and bad as to another — if fraud is shown as to one matter, the release is void as to all.*

An action was brought by certain contractors against a city upon two causes of action, one for certain inspectors' fees withheld, and the other for alleged interference with the work upon the part of the municipal authorities; causing additional expense to the contractors in the performance of their contract.

A release under seal by the contractors to the city was pleaded and proved, which the plaintiffs attacked on the ground of fraud, in that when it was signed the city officer stated that no deduction had been made from the plaintiffs' claim for inspectors' fees, when, in fact, such a deduction had been made.

The court held that the release was not conclusive upon the question of inspectors' fees, but was a complete bar to the second cause of action.

*Held,* that such ruling was erroneous.

That if a misrepresentation, amounting to fraud, had been made as to any matter embraced in the release, it vitiated the whole instrument.

That an instrument, successfully attacked for fraud, cannot be good as to one matter covered by it, and bad as to others.

APPEAL by the plaintiffs, William R. Newell and John W. Freleigh, from a judgment, entered in the office of the clerk of the city and county of New York on the 6th day of May, 1891, upon a verdict for the plaintiffs for $110.09, after a trial before the court and a jury at the New York Circuit.

The claim with reference to the item of inspectors' fees, alleged by the complaint to have been withheld, was put upon the ground that as the city had, as alleged, delayed the plaintiffs in the per-

formance of their work, the fees of the city's inspectors for over time were chargeable to the city, and not to the plaintiffs.

*L. L. Kellogg*, for the appellants.

*Edward H. Hawke, Jr.*, for the respondent.

Patterson, J. :

The plaintiffs, on December 24, 1888, entered into a contract with the city of New York to regulate, grade, curb and flag One Hundred and Seventieth street, from Tenth to Eleventh avenues, in that city.   They bring this suit, alleging two causes of action : First, that the department of public works has wrongfully detained from them a certain amount as inspector's fees for twenty-nine days, at the rate of three dollars and fifty cents a day ; and, second, that by reason of wrongful acts and interferences on the part of the municipal authorities in suspending the work and preventing its due performance and proper completion within a reasonable time, and in a right way, the plaintiffs were compelled to incur great expense in transferring their work from one kind of excavation to another, and that they sustained great loss in other respects, and for which they now attempt to hold the city liable.   The original answer is not before us, but at the trial an amendment was allowed and assented to, and the affirmative defenses of payment, of all that was due under the contract, and a release under seal were set up, and the cause was tried on those defenses.   The main subject now requiring consideration is the effect of the release.   A receipt was given by one of the plaintiffs for the amount due according to the strict terms of the contract, and in giving that receipt he acted for himself and under the sanction of a power of attorney which he received from his copartner.   The learned judge, before whom the cause was tried, held that the receipt of itself was not an obstacle to a recovery ; that it might be explained, and he undoubtedly at one stage of the case recognized the settled rule that where work is done by a contractor, necessitated by the wrongful acts or omissions, or even mistakes of the municipal authorities, its cost may be recovered in an action for damages, and that such contractor is not limited simply to the contract-price (*Mulholland* v. *Mayor, etc.*, 113 N. Y., 631) ; but when the answer was amended, and the release put in evidence, he held

that such release was an absolute bar to all claims, except those for inspector's fees, or, in other words, he limited the right of recovery to the first cause of action. The condition of the proof under which the question of the effect of the release arose is as follows, viz. : Under the ruling as to the receipt the whole case was opened on both counts of the complaint, and some evidence was given to sustain the second cause of action. When the release was put in, it was at once attacked by the plaintiff on the ground of fraud, the specification of that fraud being, that it was procured from the plaintiff by misrepresentation of the officer of the city, to whom, and when, it was given, on payment being made of the ostensible balance due the contractors under the contract.

The only evidence of the alleged misrepresentation was that at the time the paper was given the plaintiff Freligh asked whether or not any deduction had been made for inspector's fees, and the answer of the representative of the city was that no such deduction was made. A witness called on behalf of the city, who had the conversation with Freligh, testified that no such conversation occurred ; but on his cross-examination it was apparent that he testified not from an actual recollection of the particular conversation, but from his general course of doing business in like matters. The learned judge submitted to the jury on this testimony the single question as to whether or not any misrepresentation had been made that would affect the validity of the release on the question of the inspector's fees, and he declined the request of the counsel for the plaintiffs to submit to the jury any other question relating to the liability of the city for anything more than those fees. That a release of the character given in this case is ordinarily an absolute discharge of the city from liability ; and that it must be taken in its widest and most comprehensive sense, and according to its full tenor and effect, was distinctly decided by the Court of Appeals in the case of *Phelan* v. *The Mayor, etc.* (119 N.Y., 86). But that case, of course, does not go to the extent — nor, indeed, could it be well assumed on any ground — that such a release cannot be attacked on the claim that it was given by misrepresentation or fraud on the part of the city. The learned judge on the trial assumed that it was open to attack (as it certainly was) so far as the inspector's fees were concerned ; but if it were open to attack on that ground the effect of

determining that it was procured by fraud would necessarily be to avoid the whole instrument, and not merely as to the particular subject concerning which the misrepresentation was made. It was left to the jury to say, on the whole evidence, whether or not any misrepresentation had been made. The necessary 'effect of that misrepresentation would have been to avoid the whole instrument, and not merely *quoad* a particular subject. That fraud which will vitiate an instrument absolutely nullifies it, takes it out of the scope of judicial consideration and leaves the case precisely as if no such instrument had been executed.

It was evidently in the mind of the learned judge below that inasmuch as the only subject then under discussion between Mr. Freligh and the representative of the city was the inspector's fees, that the effect of the release should only be considered with reference to that one particular topic. But there can be no limitation as to the effect of a void instrument. It is either void or valid, and if it is void, it is beyond judicial cognizance as being a factor in the case. The jury found, under the instructions of the judge, that the instrument was void. Their verdict cannot be supported on any other hypothesis, and that release being void, the case necessarily was relegated to the situation in which it stood as upon a simple receipt given for the amount due, which receipt, of course, as the learned judge held, was open to impeachment. We do not intend to pass upon or intimate, in any way, an opinion as to the sufficiency of the proof, or the effect of that proof, relating to the second cause of action, but we think it was error not to submit to the jury the whole case on this release. It was really (by the ruling made), a submission of only one question to the jury, and the other was eliminated from the case; and, as said before, the release was either good or bad. If it were ineffectual as to the inspector's fees, it was equally so as to the second cause of action. Therefore, we think, the judgment should be reversed and a new trial ordered, with costs to abide the event.

VAN BRUNT, P. J., and BARRETT, J., concurred.

Judgment reversed and new trial ordered, with costs to appellants to abide event.