Gtldersleeve, J.
The plaintiffs, as co-partners, entered into a contract with the defendants for constructing a sewer and appurtenances in East 152d street. This action was brought Lo re cover upon two causes of action alleged by the plaintiffs to arise under the contracts mentioned. Under the direction of the court the plaintiffs recovered their claim under the first cause of action. There is no appeal from this portion of the judgment by either of the parties. The learned trial court dismissed the complaint as to the second cause of action, and the judgment having been entered, accordingly, the plaintiffs have appealed to the general term from so much of the judgment as dismissed the complaint as to the second cause of action. The plaintiffs by their alleged cause of action under consideration seek to recover $9,050 for damages *622 and increased cost occasioned by defendants and their agents in delaying the work, causing the same to be performed at a disadvantage, and by refusing to permit the plaintiffs to use, in the work, materials corresponding to the plans and specifications. The complaint sets forth the clause in the contract requiring that the material and labor should be furnished strictly m conformance with the plans and specifications annexed to the contract and on file in the department of public parks, charged with the'carrying on of the work. It alleges the appointment by the defendants of an inspector to inspect the materials furnished under the contracts. It alleges further that defendants and their agents, particularly the inspector, would not permit the plaintiffs to use the materials which were in exact accordance wit°h the plans and specifications, and that by the said action, the work was delayed and the cost of the labor was increased, that concrete, prepared for use, was entirely lost, sand was lost, and plank were broken and destroyed. It alleges that in this way the cost of the work was largely increased, and that plaintiffs suffered great loss and damage. The defendants by their answer to this cause of action admit the appointment of the inspector, set up in the different clauses of the contract, and deny, on information and belief, all the other allegations set up in the second cause of action in the complaint. The bulk of damages which the plaintiffs seek to recover under this cause of action was occasioned, as the plaintiffs allege, by the hindering and impeding of the work through the improper and unwarranted rejection by the inspector, appointed by defendants, of pipe furnished by the plaintiffs, as plaintiffs claim, in strict conformity with the terms of the contract. It is conceded (1) that this contract has been faithfully and completely performed by the plaintiffs; (2) that this completion and performance has been duly certified to by all the officers charged with that duty under the contract; (3) that the work has been accepted, andmis now in use by the city of Hew York. The plaintiffs have been paid in full at the stipulated price for all work done and all materials furnished. The contract did not provide for certain work to be done for a certain lump sum. There were twelve classes or kinds of work to be done and materials to be furnished, and for each particular class or kind of work to be done arid materials to be furnished a certain price was specified in the contract to be paid to the plaintiffs. There is no allegation in the complaint impeaching the good faith and honest purpose of the engineer in making the final certificate. Ho question is presented as to the amount of the work done and materials furnished. The final certificate of the engineer as to the amount of work done and materials furnished, under the contract, is accepted by plaintiffs as .binding and conclusive. It is not attacked. The certificate was correct. It did state correctly the amount of work done and materials furnished. There was no extra work done or extra materials furnished. The plaintiffs’ claim for damages, now being considered, rests upon the averment that defendants’ inspector unreasonably rejected pipes, and was unreasonably particular in testing them, whereby the work was hindered and delayed to the *623 plaintiffs’ injury. It is the contention of defendants that the extra expense which plaintiffs allege they incurred by reason of the delay caused by the rejection of pipe by the inspector cannot be charged against the defendants, because this was a risk incidental to the execution of the contract. The rule applied by the learned trial court,' which relieved the defendants of any liability upon the grounds under consideration, was laid down in the following language: “ I am, therefore, of opinion that even if in the present case the defendants caused delay in the final performance of the contract by being unreasonably particular in accepting the pipe that was offered, because the right of rejection of unsuitable material existed, such conduct is available to the plaintiffs only to the extent that they should not be charged with overtime directly and naturally resulting from such conduct on the part of defendants.” The court having announced that the complaint as to the second cause of action must be dismissed, for the reasons stated, the learned counsel for plaintiffs asked to submit to the jury all the elements and facts offered to prove the second cause of action, i. e., (1) as to whether the inspector did or did not reject materials furnished and work done under the agreements that did correspond to the plans and specifications; (2) as to whether the plaintiffs did not suffer damages and were occasioned increased cost by the unlawful acts of the defendants’ agents and officers in refusing to allow the plaintiffs to use the materials furnished which did correspond to the specifications and plans. And plaintiffs asked to go to the jury upon all the other facts in the case. To the denial of this request an exception was duly taken. The recovery here asked for is, we repeat, not for the amount of materials or work done, but damages for the increased cost of the same work, paid for in accordance with the terms of the contract, made more expensive by the wrongful acts of the defendants. If the alleged wrongful acts can be said tó be a risk incidental to the execution of the contract, and only available to plaintiffs to defeat a claim of defendants for overtime in the performance of the work, the judgment must be affirmed. As to the character of the pipe furnished and the question of its conformance with ,the plans and specifications, which constitute a part of the contract, there is a fair conflict of evidence which it was the province of the jury to weigh and decide, provided the allegations of the complaint, if established, fastened a liability upon the defendants. Under the contract, the commissioners of public works were authorized' to appoint such person or persons as they might deem proper to inspect the materials furnished and the work done. It was the duty of the person or persons, so appointed to inspect, to judge'whether the materials furnished by the contractors were according to the specifications contained in the contract. If, in the judgment of the inspector, they were not, it was his duty to reject them. The specifications, which, as we have said, constitute a part of the contract, contained, among others, the following clause: “All the materials furnished and all’the work done which, in the opinion of the said commissioners of the department of public parks, shall not be in accordance with these specifications, shall be immediately *624 removed and other materials furnished and work done that shall be in accordance therewith. (Specifications i i.) The inspector, whom the commissioners appointed, for the purposes of determining the character of the materials furnished by the contractors was the alter ego of the commissioners of public parks. The submission by the contractors of the materials for the opinion of the inspector was an incident “ arising out of the nature of the work,” which the terms of the contract contemplated and which could be readily foreseen. We may say it was an obligation imposed upon the contractors by the terms of the contract. It was as plain a duty and one of as much importance as any created by the agreement and assumed by the plaintiffs. A difference of opinion between the contractors and the commissioners of public parks, or their duly authorized representative, as to the character of materials furnished and as to whether they were or were not in strict conformity with the materials called for by the specifications was not an improbable incident, but one likely to be encountered in the prosecution of the work. Any loss or damage to the contractors flowing therefrom must be said to arise “ out of the nature of the work,” and to constitute such loss or damage as the terms of the contract call upon the contractors, to sustain. Specifications f f. The contractors submitted unwillingly to the interference and hinderance that' form the subject of complaint, and continued the work to’ its full completion and to the satisfaction of the commissioners of public parks, who represented the defendants. The rejection of materials by defendants might, in some cases, be so unreasonable, unwarranted and persistent as to be tantamount to a breach of the contract by defendants, for which, perhaps, a rescission by the other party to the contract might be justified. If plaintiffs suffered a substantial wrong of the character claimed? this may have been the proper course for them to pursue. But that question is not before us, and need not be decided here.
The acts of rejection, though they brought about the delay and hinderance which caused the alleged damage here sought to be recovered, are not, under the facts of this case, such wrongful acts or mistakes ‘of the defendants as afford a basis for the recovery of damages.
The learned counsel for appellant insists that plaintiffs’ claim for damages herein finds support in the principles laid down and recognized in the cases of Mulholland v. The Mayor, 118 N. Y. 631; 22 St. Rep. 347; Pennell v. The Mayor, 59 N. Y. Supr. Ct. 279; 39 St. Rep. 145, and Newell v. The Mayor, 61 Hun, 356; 40 St. Rep. 727. We will examine these cases successively.
In the MulhoTland case, wrong grades had been given by competent men in authority and by that error additional work was rendered necessary, which was not within the original contract work or the original plan. It was held that the contractor should recover the entire increased cost of the work, and was not limited to the contract prices. In the case at bar, there were no changes or modifications in the plans and specifications, and no work was done by plaintiffs other than the work required by the perform *625 anee of the contract. We see no analogy between the two cases.
In the Pennell case, the action arose out of a contract made for clearing wood and brush from land that was to be flooded by the building of certain dams. While the plaintiffs were engaged in the work, and before the time of its completion under the contract had expired, through the act and fault of defendants, the ground became flooded. The plaintiffs claimed for increased cost in clearing off the brush occasioned by the premature flooding. It was held that defendants had no right to flood the ground at the time they did, and that by doing so they interfered with plaintiffs’ prosecution of their work, and were guilty of a wrongful act for which, if damage ensued, the plaintiffs had a cause of action. It cannot be said that the damage, which ensued from the act of flooding, arose “ out of the nature of the work in progress.” The act was not contemplated by the contract, but was an unwarranted interference with the progress of plaintiffs’ work, which clearly constituted an actionable wrong. We find no principle laid down in this case that supports the plaintiffs' claim in the case at bar.
The Newell case holds that where work is done by the contractor necessitated by the wrongful acts or omissions, or even mistakes, of the municipal authorities, its cost may be recovered in an action, for damages. The claim that the Newell case furnishes authority for the recovery in the case at bar, finds its answer in the fact that the claim herein is not for work done.
For the reasons stated therefore it must be held that as to the second cause of action, the plaintiffs did not make out a case that called for submission to the jury. The allegations therein do not set up a cause of action against the defendants. The judgment is right, and must be affirmed, with costs to the respondent.