SLATTERY v. MAYOR, ETC., OF THE CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department.    June 28, 1898.)

CONTRACT—PERFORMANCE.
     A contract with a city for work in excavating provided that, if sheet
     piling was necessary, it should "in all cases be drawn as the work
     progresses, unless otherwise ordered by the commissioner." *Held*, in an
     action by the contractor. that, in the absence of instructions to the con-
     trary, the plaintiff was bound to withdraw the piling, and the work was
     not complete until this was done; and if, in withdrawing it, he injured the
     work already done, he could not recover from the city his expenses in re-
     storing injuries thus caused.

Appeal from trial term, New York county.

Action by John Slattery against the mayor, aldermen, and com-
monalty of the city of New York.    From a judgment entered after
trial dismissing the complaint as to the third cause of action, plaintiff
appeals.    Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTER-
SON, O'BRIEN, and INGRAHAM, JJ.

L. Laflin Kellogg, for appellant.
Theodore Connoly, for respondent.

VAN BRUNT, P. J.    This cause of action was to recover damages
because the defendant compelled the plaintiff to do the work under

the contract in a wrong, erroneous, and disadvantageous manner, whereby the cost of the work was largely increased, and the plaintiff was put to great loss, damage, and expense; and that this additional expense was caused by the defendant compelling the plaintiff to withdraw certain sheet piling which had been placed to uphold the bank of the sewer while the same was being built.   Among the provisions of the contract were the following:

"The sides of the excavation shall be supported by suitable planking and shoring wherever necessary, and in all cases the same are to be drawn as the work progresses, unless otherwise ordered." "Where sheet piling is rendered necessary, and used only in prosecuting the work, no allowance will be made therefor, and it shall in all cases be drawn as the work progresses unless otherwise ordered by the said commissioner." "When sheet piling is so retained, the price bid for timber for bracing and sheet piling when ordered to be left in the trench will be allowed."

It is claimed upon the part of the appellant that the duty of determining whether or not the sheet piling should be left in the trench was laid upon the defendant by the express terms of the contract, and its erroneous decision that it was not necessary that the sheet piling should remain was the direct cause of the increased cost occasioned to the plaintiff.   We are unable to place this construction upon the contract.   The provisions of the contract are that the piling shall be withdrawn in all cases as the work progresses, unless otherwise ordered, in which case payment is allowed.   In the absence of instructions to the contrary, the plaintiff was bound to withdraw the piling, and the work was not complete until this was done; and if, in withdrawing the piling, he injured the work already done, and therefore could not deliver it in completed condition without additional expense, that seems to have been what the plaintiff undertook under his contract, and he cannot recover from the defendant. Whether or not it was wise for the plaintiff to enter into such a contract cannot affect the question as to his right to a recovery for this additional expense.   He did enter into such a contract; he was not relieved from its obligations; and he has simply complied with its requirements.   This seems to be all there is of the question involved on this appeal.

The judgment should be affirmed, with costs.   All concur.