GEARTY v. MAYOR, ETC., OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. June 7, 1901.)

1. MUNICIPAL CORPORATIONS—PAVING CONTRACT—DAMAGE FOR OVERTIME—
BOARD OF SUPERVISION—DEMAND.

Where a paving contract provided that a certain board of commissioners should be the judges of the time which the work was unnecessarily delayed, and should certify the same for deduction, the contractor was not entitled to recover from the municipality for delays alleged to have been erroneously charged against him in the certificate, in the absence of a demand on the board to have such charges for delay removed by them.

2. SAME—EVIDENCE OF DEMAND.

Where a paving contract provided that a certain board should certify as to the amount of time consumed in the work in excess of the contract time, evidence that the contractor had seen the president of the board and asked him to remove certain overtime, but did not remember what he said, and that the contractor's attorney had made a demand on the secretary of the board, but never brought the matter to the attention of the board in any other way, was insufficient to show a demand on the board, so as to perfect the contractor's right of action against the city.

3. SAME—PAYMENT—RELEASE.

Where a paving contractor, on receiving payment under his contract, executed a release discharging the city from all demands except any legal claim he might have under the contract, such release was a defense to an action to recover for extra work alleged to have been done outside the terms of the contract.

4. SAME—ENGINEER'S CERTIFICATE—ACCEPTANCE—WAIVER.

Where a paving contractor had taken up and relaid certain paving under the direction of the engineer having supervision of the work, he was not entitled to maintain an action against the city for extra compensation on the ground that he had been wrongfully compelled to relay the pavement after he had accepted the engineer's certificate and received payment thereunder.

O'Brien, J., dissenting.

Appeal from trial term, New York county.

Action by James A. Gearty against the mayor, aldermen, and commonalty of the city of New York. Motion for new trial on exceptions to an order dismissing the complaint, directed to be heard in the first instance at the appellate division. Motion denied.

Argued before PATTERSON, HATCH, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

L. Laflin Kellogg, for plaintiff.
Theodore Connoly, for defendant.

HATCH, J. This action was brought to recover the sum of $440, the amount of moneys deducted for overtime penalty by the defendant from the amount earned by the plaintiff under a contract with the city of New York for regulating and paving Transverse Road No. 4, crossing Central Park, in said city, and the further sum of $10,000, damages and increased cost averred to have been occasioned by the breach of the contract and the wrongful acts of the defendant, its officers and agents, in the prosecution of the work. It is averred by the plaintiff, for a first cause of action, that on the 18th day of May, 1894, a contract was entered into between

the plaintiff and the defendant for regulating and paving with granite block pavement, with concrete foundation, the roadway of Transverse Road No. 4, crossing Central Park at Ninety-Seventh street, from Fifth avenue to Central Park West, in the city of New York; that thereafter the plaintiff entered on the performance of the work, and prior to the commencement of the action had fully performed all the terms and conditions thereof; that, according to the prices named therein, and as certified by the officer in charge of the work, the value of the work done thereunder amounted in all to the sum of $30,659.56, of which amount there had been paid to the plaintiff the sum of $30,219.56, leaving a balance due of $440, which, though duly demanded, had not been paid. For a second cause of action it is averred that the contract contained a provision authorizing the commissioners of the department of public parks (the department having charge of the work) to appoint such person or persons as they might deem proper to inspect the materials to be furnished and the work to be done under the agreement, and to see that the same corresponded with the specifications therein set forth; that the said commissioners did appoint inspectors, and placed them in charge of the work being done by the plaintiff; that the work so done by the plaintiff was in entire conformity to the said contract and the plans and specifications, and was approved by the inspectors appointed as aforesaid; that, after the plaintiff had performed a large part of his work, he was ordered and directed by the defendant to make openings through large portions thereof, and to tear up and destroy work and materials approved of and accepted by the inspector, and which were in entire conformity to the terms of the contract and the plans and specifications therefor, and was compelled to furnish other materials and perform other work in place thereof, to his loss and damage in the sum of $10,000. The defendant admits the making of the contract, and the performance of the work, and recites a clause of the contract as to the prices for the work, and avers that it promised to pay the plaintiff the whole of the moneys accruing to him under said contract, excepting such sums as might be lawfully retained under any of the provisions of the same, and that the plaintiff agreed to accept the same on condition that the whole of said work should be fully completed in the manner set forth in the contract, and such completion duly certified by the engineer in charge of the work, and each and every of the stipulations contained in said contract complied with, and the work completed to the satisfaction of the commissioners of the department of public parks, and accepted by them; admits the payment of the sum of $30,219.56, and avers that the said sum was and is the amount, and the whole amount, which became due to the plaintiff on account thereof, in accordance with the terms of said contract; that the plaintiff did not complete his work within the time stipulated in the contract; and that the same was not completed for a period of 22 days in excess of all time allowances to which he was entitled, for which excess the defendant was entitled, under the contract, to deduct the sum of $20 per day, and did deduct on account thereof the sum of $440, the sum now claimed by

the plaintiff. As to the second cause of action, the defendant admits the appointment of inspectors pursuant to the contract, but denies the other allegations of the complaint contained in such second count. It then sets up affirmatively various clauses of the contract under which it claimed the right to compel the removal of the defective work, and alleges that the work ordered to be removed was not in compliance with the terms and conditions of the contract, and was not done to the satisfaction of the engineer in charge of the work; that the certificate of the engineer is made by the contract conclusive upon the parties, and that he duly made a certificate wherein it appeared that the amount of money accruing to the plaintiff under the contract was the sum of $30,659.56, and that after deducting the sum of $440 for excess of inspection, and previous payments made to the plaintiff, there remained due the sum of $12,396.23, which sum was thereafter duly paid to the plaintiff; that at the time of the payment thereof the plaintiff executed and delivered to the defendant a release, wherein he released and forever discharged the defendant from all claims and demands whatsoever, "excepting $1,723.33 retained as repairing security," and also "excepting any legal claim which I may have under and in pursuance of the terms and conditions of the contract herein," which release is a bar to any further claim in this action. At the close of the plaintiff's case, counsel for defendant moved to dismiss the complaint,—as to the first cause of action, upon the ground that there was no evidence of any demand made to the board of commissioners of parks for the certificate called for under the terms of the contract for overtime; as to the second cause of action, on the ground that the plaintiff was bound by the final certificate of the engineer in charge of the work, and on the further ground that the plaintiff, at the time when he was directed to remove the work claimed to have been defective, should have insisted upon its remaining there, and refused to continue with the performance of the contract. The court granted this motion, and an order was made and entered directing that the exceptions taken during the trial be heard in the first instance at the appellate division, staying the entry of judgment in the meantime.

Under the provisions of the contract, the commissioners were made the judges of the time during which the work required by the contract had been delayed for any cause, and were to certify to the same; that in case of failure to complete within the time limited by the contract, or within any time to which performance should be extended, the plaintiff would pay to the defendant $20 for each and every day so fixed and determined, as damages, and not as a penalty, which sum the defendant was to deduct from the moneys becoming due under the contract. It was shown that a certificate was made by the engineer of construction, and approved by the board of commissioners, by which it appeared that the plaintiff consumed 111 days in excess of the stipulated time. He was only charged, however, with 22 days,—a sum which, at $20 a day, covered the cost of the overinspection for excess of time consumed in performing the contract. In order to entitle the plaintiff to recover

this sum, it became necessary, as a condition precedent, that he make a demand upon the board of park commissioners for payment of such sum. Phelan v. Mayor, etc., 119 N. Y. 86, 23 N. E. 175. In the absence of fraud or bad faith on the part of the commissioners, of which there is no averment or proof in this case, their certificate is final. It is not made to appear that any demand whatever was made. The plaintiff testifies that he saw the president of the board, and asked him if he would remove the overtime; but he does not remember what answer he received, and he knew at the time when he received final payment that he was charged with overtime, and its amount. The only other evidence of the demand is found in the testimony of the witness Brett, one of the firm representing the plaintiff, who testifies that he made a demand upon the secretary of the board, but admits that he never presented the matter to the board, except by the demand upon the secretary, or otherwise brought it to their attention. This testimony falls far short of showing that the matter was ever called to the attention of the board, or that they ever acted thereon, or were ever requested so to do. As there was no proof of bad faith, and as there was no demand ever made, it necessarily follows that the plaintiff failed to establish any right to recover, so far as the first cause of action is concerned.

It is evident, so far as the second cause of action is concerned, that the certificate of the engineer to the board of commissioners was not in any sense a final certificate. It did not assume so to be. On the contrary, it appears from its terms that it was an intermediate certificate. Consequently nothing can be derived therefrom which will avail the plaintiff as a final certificate given in accordance with the terms of the contract. By precise provision of the contract, the plaintiff agreed, when notified so to do by the engineer, to take up improper or defective work, and relay it or remedy it to the satisfaction of the engineer. Pursuant to this provision of the contract, notice was given to take up and relay the work for which recovery in damages is now sought. The plaintiff assented, after a somewhat vigorous protest, to this requirement of the engineer, and he relaid the claimed defective work.

It is claimed by the defendant that the plaintiff has waived whatever right he may have had, by acquiescing in the direction given by the engineer; it being insisted that, if the contract was in fact performed in accordance with its terms, the plaintiff was bound to stand upon his legal rights, and insist that he had performed as required by the contract, and that by yielding he is to be deemed as consenting that the direction of the engineer was proper, and therefore his right to a recovery of the increased cost must be defeated. It is claimed upon the part of plaintiff that inasmuch as he had performed the contract, and the defendant was guilty of a breach of the same, plaintiff's acquiescence in the direction of the engineer did not amount to a waiver of his right to recover damages for such breach, and that he had a legal right to obey the direction, and sue for a recovery of damages for the breach. Upon this subject the law is not in an entirely satisfactory state, and we

do not find it necessary to determine this question, as we think that the plaintiff must fail in his action, based upon other considerations.

The plaintiff claims, in order to relieve himself from other legal conditions, that the work which he was required to perform was in the nature of extra work, not required by the contract, and only made necessary by the defendant's breach of the contract, and that for this reason the work is to be regarded as outside of the contract, reference to which is only necessary for the purpose of establishing his right to recover, and his measure of damages. We think that this contention cannot be upheld. The contract, in terms, provides for just such a condition, and the work, when performed as required by the direction of the engineer, is done under and in pursuance of the contract, and in accordance with its terms. Slattery v. City of New York, 31 App. Div. 127, 52 N. Y. Supp. 546, affirmed on opinion below in 165 N. Y. 618, 59 N. E. 1130. If it could be held to be extra work, then it seems clear that the general release executed by the plaintiff would be a complete defense to a recovery therefor. Phelan v. Mayor, supra; Newell v. City of New York, 61 Hun, 356, 15 N. Y. Supp. 911. As already appears, the contract provides that the contractor shall be bound by the final certificate of the engineer, and, in the absence of averments and proof of bad faith or fraud in the making of such certificate, it is made conclusive. Smith v. City of New York, 12 App. Div. 391, 42 N. Y. Supp. 522; Quinn v. Same, 16 App. Div. 408, 45 N. Y. Supp. 7; New York Bldg. & Imp. Co. v. Springfield Elevator & Pump Co., 56 App. Div. 294, 67 N. Y. Supp. 887. As we have before observed, there is neither pleading nor proof to show fraud or bad faith. Under well-settled legal rules, the final certificate of the engineer is a condition precedent to any right to recover for work done or materials furnished under the contract, unless it appear that fraud or bad faith has been practiced, or that the certificate is unjustly refused, of which there must be affirmative proof; and, when such certificate is given, it is made final and conclusive upon the contractor. Byron v. Low, 109 N. Y. 291, 16 N. E. 45. In the present case it appears that the final certificate was given by the engineer, and under it the plaintiff received his compensation for the work performed and materials furnished in the performance of the contract, and upon so receiving payment he executed a release to the defendant. The certificate was acted upon by the plaintiff with a full understanding of its terms. It represented the final evidence, which, by the terms of the contract, was binding upon the parties thereto. At this time it is clear that the plaintiff became and was bound to take an affirmative stand. If he intended to insist upon his claimed right to demand extra compensation for the work of relaying the pavement, it became his duty to make assertion of such claim, rely thereon, and refuse the benefits conferred by the certificate offered. He could not act thereunder, accept its benefits, and then repudiate its binding effect. By accepting payment in accordance with the terms of the certificate, he must be held to have recognized the same as a certificate final of all he was entitled to

receive, and as measuring his legal right, if accepted by him. As the final certificate furnishes the condition precedent to his right to recover anything, he cannot, after having accepted the benefits under one, insist, in the absence of fraud or bad faith, that there should also be another. The present effect is to leave the plaintiff without a final certificate, so far as this work is concerned, and consequently no basis exists for the maintenance of the action. Having accepted a final certificate showing the amount to which he was entitled under his contract, after the alleged breach of the contract by the defendant, and after the performance of the extra work caused by such breach, and received his pay thereunder, he must be held to have waived the breach, if any existed.

It follows that the exceptions should be overruled, and judgment ordered for dismissal of complaint, with costs. All concur, except O'BRIEN, J., who dissents.