GEARTY v. MAYOR, ETC., OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. March 11, 1910.)

1. COSTS (§ 62*)—PREVAILING OR SUCCESSFUL PARTY—SEPARATE CAUSES OF ACTION—CERTIFICATE AS TO SIMILARITY.

Code Civ. Proc. § 3234, gives each party costs, where the complaint sets forth separately two or more causes of action on which issues of fact are joined, if plaintiff recovers on one or more, and defendant on the other or others, unless it is certified that the substantial cause of action was the same on each issue, in which case plaintiff only is entitled to costs. *Held*, that the certificate should not issue where the judgment on one cause of action, if separately brought, would not bar an action on the other cause, and that, in determining whether the causes of action are substantially the same, the fact that the same legal questions arise in each is not conclusive.

[Ed. Note.—For other cases, see Costs, Dec. Dig. § 62.*]

2. COSTS (§ 62*)—SUCCESSFUL PARTY—SEPARATE CAUSES OF ACTION—CERTIFICATE AS TO SIMILARITY.

A city contractor sought recovery on two causes; the first being for the amount deducted for overtime penalty from the contract price, and the second being for damages and increased cost claimed to have been caused by defendant's breach of the contract. The second was based entirely on the rejection of the work and the necessity of doing it anew. The first arose from the park board's action in adopting a report of the engineer recommending that there should be deducted from the contract price the penalty for 22 days overtime, as a consequence of which action defend-

ant withheld the amount sued for. In this cause of action there was presented the element of delay in beginning work, which was due to no fault of plaintiff, but to the presence on the line of work of material for other work, belonging to defendant; and while the main question in the case was the engineer's good faith, it was not the sole nor the decisive question, so far as the first cause of action was concerned. *Held*, that a recovery on either cause of action would not be a bar to recovery on the other, and hence it was error to certify that the substantial cause of action was the same on each issue, so as to entitle plaintiff to costs, under Code Civ. Proc. § 3234, where he recovered on the first cause of action only.

[Ed. Note.—For other cases, see Costs, Dec. Dig. § 62.*]

Appeal from Trial Term, New York County.

Action by James A. Gearty against the Mayor, Aldermen, and Commonalty of the City of New York. From a judgment for plaintiff on the first cause of action, and from orders denying motions for a new trial and to set aside a certificate, pursuant to Code Civ. Proc. § 3234, defendant appeals. From a judgment for defendant on the second cause of action, and from an order denying a new trial, plaintiff appeals. Order granting the certificate reversed, orders denying a new trial affirmed, and judgment, as modified, affirmed.

Argued before CLARKE, McLAUGHLIN, LAUGHLIN, SCOTT, and DOWLING, JJ.

Laflin Kellogg, for plaintiff.

Terence Farley, for defendant.

DOWLING, J. Plaintiff on May 18, 1895, made a written contract with defendant for the regulating, curbing, and paving with granite block pavement on a concrete foundation of the transverse road in Central Park, at Ninety-Seventh street, from Fifth to Eighth avenues. After completion had progressed to the extent of about 1,750 linear feet of concrete construction out of a total length of 2,750 feet, and on or about July 24, 1895, the engineer of the department of parks rejected the work theretofore done, with the exception of the grading and curb setting, and ordered the plaintiff to take up and replace the work then completed. This the plaintiff did, and finally completed the work, which was accepted by the city. Plaintiff seeks to recover in this action upon two causes of action—the first, for the sum of $440, being the amount deducted by the city for overtime penalty from the contract price for the work; the second, for $10,000, being the damages and increased cost claimed to have been occasioned by the breach of the contract and the wrongful acts of the defendant in the prosecution of the work.

In view of the extended discussion of the facts in this case upon prior appeals (62 App. Div. 72, 70 N. Y. Supp. 942; 96 App. Div. 625, 88 N. Y. Supp. 1102; 171 N. Y. 61, 63 N. E. 804; 183 N. Y. 233, 76 N. E. 12), it is now unnecessary to recite them again at length. Upon the last trial the jury found for the defendants upon the second cause of action for $10,000, and for the plaintiff upon the first cause of action for $440. From the judgment entered upon such verdict, both plaintiff and defendant now appeal to this court.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

A careful examination of the record fails to disclose any error prejudicial to the plaintiff, so far as the second cause of action is concerned, and discloses no reason for the reversal of the finding of the jury thereupon, which was fully justified by the evidence. So far as the recovery by plaintiff upon the first cause of action is concerned, we are unable to hold that any error was committed sufficiently grave to warrant the reversal of the judgment, and therefore, as to both causes of action, the judgment and order appealed from should be affirmed.

But defendant also appeals from an order denying a motion to set aside a certificate made by the justice presiding at the trial of this action, pursuant to section 3234, Code of Civil Procedure, wherein he certified that upon the issues raised by the answer to the first and second alleged causes of action stated in the complaint the substantial cause of action upon the trial was the same upon such issues. We believe that in this the learned court was in error. If there was but one substantial cause of action upon both issues, then the verdict of the jury was inconsistent, and the recovery in plaintiff's favor could not have been allowed to stand. While both causes of action were for breach of contract, and while the question of the good faith of the engineer for the department of parks in rejecting the work as to which plaintiff was claimed to have violated his contract was a material element in the case, still that was not the only element so far as the first cause of action is concerned. The second cause of action was based entirely upon the rejection of the work and the necessity of doing it anew. The first cause of action arose from the action of the park board in adopting a report by which its engineer recommended that, instead of 111 days, which he claimed, the plaintiff might well have been charged for overtime, there should be deducted from the contract price the penalty for 22 days only, which would reimburse the city for the extra expense of inspecting, as a consequence of which action the defendant withheld the sum of $440 from the contract price and refused to pay the same to the plaintiff. In this cause of action there was presented as well the element of delay in the beginning of the work, due to no default of the plaintiff, but to the presence upon the line of his work of materials belonging to defendant and to be used by it upon other work.

While the main question in the case is the good faith of the action of the engineer, it is not the sole question, so far as the first cause of action is concerned; nor is it the decisive question as to that part of the claim. Under these conditions we think the proper interpretation of section 3234 is that laid down in Testor v. N. Y. Mutual Savings & Loan Ass'n, 32 Misc. Rep. 543, 67 N. Y. Supp. 15, in which it was held that where the judgment upon one cause of action, if separately brought, would not be a bar to an action upon the other cause of action, then the certificate should not issue; and as the court said:

"Assuming the fact to be, as claimed by the plaintiff's counsel in this case, that the same legal questions arise in each, I do not think that determines the question, or makes the two causes of action substantially the same, within the meaning of the section of the Code under which this application is made. The legal questions may be the same, but the causes of action separate and distinct, each the foundation of a separate and distinct suit at law, neither being a bar to the other."

In this case it is obvious that a recovery upon either cause of action would not be a bar to a recovery as to the other, and the court which made the certificate so held in effect when it allowed the verdict to stand.

The order appealed from should therefore be reversed, and the application to set aside the certificate granted, without costs. Orders denying new trial affirmed. Judgment modified, by deducting the costs awarded plaintiff upon the certificate, and, as so modified, affirmed, with costs to plaintiff. All concur.